UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHICAGO ATHLETIC ASSOCIATION, | ) | Case No. 07-10486 |
| | ) | |
| Debtor. | ) | Bankruptcy Judge Eugene R. Wedoff |
| | ) | |

INTERIM AND PROPOSED FINAL ORDER
PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE:
(A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING
SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF
PRE-PETITION AMOUNTS DUE; (B) DETERMINING THAT THE UTILITIES ARE
ADEQUATELY ASSURED OF FUTURE PAYMENT; (C) ESTABLISHING
PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE;
(D) PERMITTING UTILITY COMPANIES TO OPT OUT OF THE PROCEDURES
ESTABLISHED HEREIN; AND (E) SCHEDULING A FINAL HEARING DATE

Upon consideration of the motion (the "Motion")[1] of Chicago Athletic Association (the "Debtor"), seeking entry of an order pursuant to section 366 of the Bankruptcy Code (I) prohibiting utilities from altering, refusing or discontinuing services to, or discriminating against, the debtor on account of pre-petition amounts due; (II) determining that the utilities are adequately assured of future payment; (III) establishing procedures for determining requests for additional assurance; and (IV) granting related relief; the Court having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing thereon; and the Court having found that: (a) the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion and the hearing thereon was sufficient under the circumstances and that no further notice need be provided; it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors; and the Court having determined that the legal

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

and factual bases set forth in the Motion and adduced at the hearing thereon establish good and sufficient cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED in its entirety.

2. All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and disallowed on the merits.

3. Notice of the Motion was proper, timely, adequate and sufficient under the particular circumstances.

4. Subject to the procedures described below, no Utility Company may (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtor on the basis on the commencement of this chapter 11 case or on account of outstanding pre-petition amounts due or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtor receiving such utility services pending the entry of a Final Order or this order becoming a Final Order as set forth in paragraph 14 below.

5. A Utility Company shall be entitled to an Adequate Assurance Prepayment in the amount set forth on <u>Exhibit A</u> to the Motion (a true and accurate copy of which is attached hereto), and the Debtor is hereby authorized to pay such Adequate Assurance Prepayment to such Utility Company (at the discretion of the Debtor) without further order of the Court, <u>provided</u> that: (a) such requesting Utility Company requests such prepayment in writing no later than 30 days after the Petition Date (the "<u>Request Deadline</u>"); (b) such requesting Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Prepayment (which existing deposit otherwise is deemed to be the Adequate Assurance

Prepayment and no such further assurances are necessary); and (c) such requesting Utility Company is not currently paid in advance for its services (in which case such Utility Company is hereby deemed adequately assured of future payment and no further assurances are necessary).

6.  The Debtor also is authorized to pay to the Utility Company in the ordinary course of business, and shall pay within five (5) business days of the Debtor's receipt of a Monthly True-Up Invoice, the amount of the Monthly True-Up to the extent the amount is greater than the Adequate Assurance Prepayments for such period made by the Debtor to the Utility Company. To the extent that the amount of the Monthly True-Up is less than the Adequate Assurance Prepayments for such period made by the Debtor to the Utility Company, the Debtor shall deduct that amount from the next Adequate Assurance Prepayment to be made to the Utility Company.

7.  A request by a Utility Company for, and acceptance of, an Adequate Assurance Prepayment shall be deemed to be an acknowledgment and admission from the Utility Company that the Adequate Assurance Prepayment, along with the Monthly True-Up, is the form of adequate assurance satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Any Adequate Assurance Prepayment requested by, and provided to, any Utility Company pursuant to the procedures set forth herein shall be returned to the Debtor at the conclusion of this chapter 11 case, if not returned or applied earlier.

8.  Any Utility Company that does not request an Adequate Assurance Prepayment by the Request Deadline and does not file an Objection to opt out of the Adequate Assurance Procedures (as described below), is deemed to have received adequate assurance of future payment satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

9.  The following Adequate Assurance Procedures are approved in all respects and the Debtor is directed to act in accordance therewith:

   a. Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtor by the Request Deadline at the following addresses: (i) Chicago Athletic Association, 12 S. Michigan Ave., Chicago, Illinois, 60603, ATTN: Rich Wharton; and (ii) Jenner & Block LLP, 330 North Wabash Ave., Chicago, Illinois, 60611, ATTN: Catherine L. Steege, Esq.

   b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company; (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) set forth the form and amount (if applicable) of additional adequate assurance requested.

   c. Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 14 days from the receipt of such Additional Assurance Request or (ii) 30 days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company.

   d. The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

   e. If the Debtor determines that an Additional Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period (as the same may be extended by agreement of the Debtor and the Utility Company in question), will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

4

    f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

    g. Other than through the Opt-Out Procedures (as defined herein), any Utility Company that does not comply with the Adequate Assurance Procedures set forth herein is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code, and is forbidden from discontinuing, altering or refusing service on account of any unpaid pre-petition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). The Interim Order shall be deemed the Final Order with respect to all Utility Companies that do not timely file and serve an Objection (as defined herein).

10.     The following Opt-Out Procedures are approved in all respects, and the Debtor is directed to act in accordance therewith:

    a. A Utility Company that desires to opt-out of the Adequate Assurance Procedures must file an objection (the "<u>Objection</u>") with the Bankruptcy Court within 15 days of service of the Interim Order and serve (including any other parties who require notice pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and/or the local rules of this Court or District) the Debtor at the following addresses: (i) Chicago Athletic Association, 12 S. Michigan Ave., Chicago, Illinois, 60603, ATTN: Rich Wharton; and (ii) Jenner & Block LLP, 330 North Wabash Ave., Chicago, Illinois, 60611, ATTN: Catherine L. Steege, Esq.

    b. Any Objection must: (i) be made in writing; (ii) set forth the location(s) for which utility services are provided to the Debtor and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the objecting Utility Company; (iv) explain why the objecting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) identify, and explain the basis of, the proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

    c. The Debtor, in its discretion, may resolve any Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide such objecting Utility Company with additional assurance of future payment, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable. In the event that the Debtor and any

5

objecting Utility Company, pursuant to this paragraph, consensually resolve an Objection to the Adequate Assurance Procedures, such Utility Company shall withdraw its Objection prior to any hearing date set by the Court.

d. If the Debtor determines that an Objection is not reasonable and/or the Debtor is not otherwise able to consensually resolve an Objection with a Utility Company, then such Objection will be heard at the Final Hearing.

e. Any Utility Company that does not timely file an Objection as set forth above is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

11. A Final Hearing to resolve any Objections filed in accordance herewith shall be conducted on July 24, 2007 at 10 a.m., Central Standard Time.

12. A Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtor, in its discretion, agrees to (i) an Adequate Assurance Request or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at the Final Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

13. The Debtor is authorized, in its sole discretion, to amend the Service List to add or delete any Utility Company, and this Order shall apply to any such Utility Company that subsequently is added to the Service List. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Service List.

14. The Debtor shall serve a copy of this Order on each Utility Company listed on the Service List within two business days of the date this Order is entered, and shall also serve this Order on each Utility Company subsequently added to the Service List by the Debtor.

15. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry. This Order shall be deemed to be the Final Order with respect to the

Motion as to any Utility Company that does not file a timely Objection to the Adequate Assurance Procedures, as set forth herein.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Chicago, Illinois
_____, 2007

JUN 2 1 2007

_____
UNITED STATES BANKRUPTCY JUDGE