UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07 B 10486 |
| | ) | |
| CHICAGO ATHLETIC ASSOCIATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: February 12, 2008, at 9:30 a.m. |

**NOTICE OF FINAL FEE APPLICATION OF FREEBORN & PETERS LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that the undersigned filed the *Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors* (the "*Application*") with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois. The Application seeks entry of an order (i) approving compensation for legal fees in the amount of $22,694.00 for the period from July 27, 2007 through September 12, 2007; (ii) approving compensation in the amount of $2,025.00 for time spent preparing the Application; and (iii) authorizing payment to Freeborn & Peters LLP of $24,719.00, representing all unpaid, non-deferred amounts owing to Freeborn & Peters LLP on account of the Final Fee Application. You can obtain a copy of the Application from the Court's website (www.ilnb.uscourts.gov) or by contacting the undersigned.

Objections, if any, to the relief requested in the Application must be filed with the United States Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn St., Room 710, Chicago, Illinois 60604, prior to the hearing on the Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Application: Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, IL 60606 (Attn: Thomas R. Fawkes).

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING TO CONSIDER THE APPLICATION WILL BE HELD ON FEBRUARY 12, 2008, AT 9:30 A.M. BEFORE THE HONORABLE EUGENE R. WEDOFF, UNITED STATES BANKRUPTCY JUDGE, IN THE COURTROOM USUALLY OCCUPIED BY HIM, 219 SOUTH DEARBORN STREET, COURTROOM 744, CHICAGO, ILLINOIS, OR BEFORE ANY SUCH JUDGE WHO MAY BE SITTING IN HIS PLACE AND STEAD.  IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 17, 2008                    **FREEBORN & PETERS LLP**

                      By:      /s/ Thomas R. Fawkes

                            Thomas R. Fawkes (ARDC No. 6277451)
                            FREEBORN & PETERS LLP
                            311 South Wacker Drive, Suite 3000
                            Chicago, Illinois 60606
                            Telephone: (312) 360-6000
                            Facsimile: (312) 360-6520

## CERTIFICATE OF SERVICE

I, Thomas R. Fawkes, an attorney, do hereby certify that on January 17, 2008, I caused the attached **Notice** and **Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors** to be filed electronically and served electronically via the *CM/ECF* system and to be served via first class United States mail, postage pre-paid, to the parties on the attached Service List.

                                                        /s/ Thomas R. Fawkes
                                                        Thomas R. Fawkes

1467563v1

## *SERVICE LIST*

Catherine L. Steege, Esq.
David H. Hixson, Esq.
Jenner & Block LLP
330 North Wabash
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

William T. Neary, Esq.
Office of the U.S. Trustee, Region 11
227 West Monroe Street, Suite 3350
Chicago, IL 60606
Telephone: (312) 886-5785
Facsimile: (312) 886-5794

John P. Sieger, Esq.
Andrew L. Wool, Esq.
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 577-8681

Cary E. Donham, Esq.
John F. Kennedy, Esq.
Gabriel Reilley-Bates, Esq.
Shefsky & Froelich Ltd
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

C. Barry Montgomery, Esq.
Steven J. Roeder, Esq.
Williams Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, IL 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500

Thomas C. Wolford, Esq.
Michael D. Sher, Esq.
Emily Mulder Milman, Esq.
Neal Gerber & Eisenberg LLP
2 North LaSalle Street
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

Joseph D. Frank, Esq.
Jeremy C. Kleinman, Esq.
Frank/Gecker LLP
325 North LaSalle, Suite 625
Chicago, IL 60610
Telephone: (312) 276-1400
Facsimile: (312) 276-0035

Michael K. Desmond, Esq.
Figliulo & Silverman P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL 60603
Telephone: (312) 251-5287
Facsimile: (312) 251-4610

Daniel A. Zazove, Esq.
Jason D. Horwitz, Esq.
Perkins Coie LLP
131 South Dearborn, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8648
Facsimile: (312) 324-9400

Harley J. Goldstein, Esq.
James E. Morgan, Esq.
Matthew E. McClintock, Esq.
Bell, Boyd & Lloyd LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Telephone:  (312) 372-1121
Facsimile:  (312) 827-8000

Alexander D. Kerr, Jr., Esq.
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 876-3800
Facsimile: (312) 876-3816

Chicago Athletic Ass'n
ATTN: Rich Warton
39 S. LaSalle St., Ste. 925
Chicago, IL 60603
Telephone: (312) 236-7500
Facsimile: (312) 236-7537

Catherine A. Schneider, Esq.
Law Offices of Deborah S. Ashen, Ltd.
217 N. Jefferson St., Suite 600
Chicago, IL 60661
Telephone: (312) 655-0800
Facsimile: (312) 655-0801

Frank J. Kokoszka, Esq.
Kokoszka & Janczur, P.C.
140 S. Dearborn St., Ste. 1610
Chicago, IL 60603
Telephone: (312) 443-9600
Facsimile: (312) 443-5704

John L. Senica, Esq.
Miller, Canfield, Paddock and Stone, P.L.C.
225 W. Washington, Suite 2600
Chicago, IL 60606
Telephone: (312) 460-4215
Facsimile: (312) 460-4201

James K. Borcia, Esq.
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
2133 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 627-4104
Facsimile: (312) 627-1717

Richard S. Lauter, Esq.
Levenfeld Pearlstein, LLC
Suite 1300
2 North LaSalle Street
Chicago, IL 60602
Telephone: (312) 476-7698
Facsimile: (312) 346-8434

Joseph E. Tighe, Esq.
Joseph E. Tighe, P.C.
111 W. Washington Street
Chicago, IL 60602
Telephone: (312) 759-5591
Facsimile: (312) 759-0441

Robert H. Hanaford, Esq.
Law Offices of Robert H. Hanaford, LLC
222 S. Riverside Plaza, Ste. 1550
Chicago, IL 60606
Telephone: (312) 899-9020
Facsimile: (312) 634-0266

Gregory J. Jordan, Esq.
Polsinelli Shalton Flanigan Seulthaus PC
180 N. Stetson Avenue, Suite 4225
Chicago, IL 60601
Telephone: (312) 819-1900
Facsimile: (312) 819-1910

#1467543v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07 B 10486 |
| | ) | |
| CHICAGO ATHLETIC ASSOCIATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: February 12, 2008, at 9:30 a.m. |

**FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Freeborn & Peters LLP ("*F&P*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned bankruptcy cases, hereby submits the *Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors* (the "*Final Fee Application*"), and in support thereof, states as follows:

**BACKGROUND**

1. On June 12, 2007, the above-captioned debtor (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

2. On July 27, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code. That same day, the Committee selected F&P as its counsel.

3. On August 1, 2007, the Court entered an order authorizing the Committee to retain F&P as counsel, effective as of July 27, 2007.

4. On September 12, 2007, the Court entered an order deeming F&P withdrawn as counsel to the Committee as of that same date.

1433034v1

5. On September 19, 2007, the Court entered an order substituting Bell, Boyd & Lloyd LLP as counsel to the Committee, effective as of September 4, 2007.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the *Local Rules of the United States Bankruptcy Court for the Northern District of Illinois* (the "*Local Rules*").

## FEES AND EXPENSES INCURRED BY F&P

8. F&P rendered services on behalf of the Committee from July 27, 2007 through September 12, 2007 (the "*Final Fee Application Period*"). For the Final Fee Application Period, F&P seeks approval of compensation and reimbursable expenses in the aggregate amount of $22,694.00. Detailed schedules of services rendered (broken down by project category) and expenses incurred by F&P during the Final Fee Application Period are attached hereto and incorporated herein as follows:

- *Exhibit A*: July 2007 Schedule of Services Rendered and Expenses Incurred; and

- *Exhibit B*: August 2007 Schedule of Services Rendered and Expenses Incurred.

9. F&P did not render services to the Committee for the period from September 1, 2007 through September 12, 2007, and therefore, does not seek allowance of compensation or reimbursement of expenses for that period.

10. In addition to fees sought by F&P for services rendered on behalf of the Committee during the Final Fee Application Period, F&P seeks compensation, in the aggregate

2

amount of $2,025.00, for time spent preparing this Final Fee Application. A detailed schedule of the time spent by F&P professionals in preparing this Final Fee Application is attached hereto and incorporated herein as *Exhibit C*.

### PAYMENT REQUESTED

11. Pursuant to this Final Fee Application, F&P seeks an order authorizing the payment to F&P of $24,719.00, which represents unpaid amounts included within this Final Fee Application.

### DISCUSSION

12. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

13. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

3

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

14. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

15. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference

time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

16. In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

17. F&P's hourly rates of compensation for those attorneys and para-professionals during the Final Fee Application Period periods range from $110 to $620 (however, no professional with an hourly rate in excess of $475 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

18. A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

**Services Rendered During Final Fee Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| Fawkes, Thomas R. | Associate | 2002 | 20.7 | $5,692.50 |
| Goldstein, Harley J. | Partner | 1998 | 11.2 | $5,320.00 |
| Gomez, Teresa | Paralegal | N/A | 8.0 | $1,320.00 |
| Jazwiec, Jenny | Law Clerk | N/A | 3.2 | $336.00 |
| McClintock, Matthew E. | Associate | 2003 | 8.2 | $2,132.00 |
| Morgan, James E. | Partner | 2001 | 13.7 | $6,507.50 |
| Thoma, Susan E. | Paralegal | N/A | 8.4 | $1,386.00 |
| **TOTAL:** | | | **73.4** | **$22,694.00** |
| **Blended Rate for All Timekeepers:** | | | **$309.18** | |

19. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this chapter 11 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

20. F&P reserves the right to correct, amend, or supplement this Final Fee Application.

## SERVICES PERFORMED

21. This Final Fee Application sets forth in detail the work performed by F&P and the time spent during the Final Fee Application Period.

**A.    General                                                                                    $9,297.50**

22. F&P spent 28.1 hours at a cost of $9,297.50 on general matters. This category primarily includes time spent performing necessary case administration tasks (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents), reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, and corresponding with parties in interest in

6

this case concerning general case matters. This category also includes matters which encompass more than one other discrete category.

**B.     F&P Retention and Fee Applications                    $7,477.00**

23.    F&P spent 27.0 hours at a cost of $7,477.00 on F&P retention and fee application issues. This category primarily includes time spent preparing F&P's retention application, preparing and reviewing invoices to ensure compliance with the Court's detail requirements, and addressing issues raised by the Court with respect to F&P retention matters.

**C.     Executory Contracts and Unexpired Leases             $2,972.50**

24.    F&P spent 6.3 hours at a cost of $2,972.50 on executory contract and unexpired lease issues. This category primarily includes time spent reviewing, addressing, and attending contested hearings on the Debtor's motion to assume and assign an executory contract between the Debtor and Verizon Wireless, and corresponding with various parties in interest in this case concerning unexpired lease and executory contract issues.

**D.     Claims Analysis and Objections                        $1,237.50**

25.    F&P spent 4.5 hours at a cost of $1,237.50 on claims analysis and objection issues. This category primarily includes time spent conducting research regarding the proper legal rate of interest owing to holders of allowed unsecured claims in chapter 11 cases in which such holders anticipate a full recovery on account of such claims.

**E.     Creditor Inquiries, Negotiations, and Settlement      $190.00**

26.    F&P spent 0.4 hours at a cost of $190.00 on issues concerning creditor inquiries, negotiations, and settlement. This category primarily includes time spent responding to inquiries of unsecured creditors concerning their claims against the Debtor's estate, and corresponding with parties in interest concerning unsecured creditor issues.

**F.   Committee Meetings and Governance**               **$1,022.50**

27.   F&P spent 3.5 hours at a cost of $1,022.50 on Committee meetings and governance issues. This category primarily includes time spent preparing for and conducting meetings of the Committee, drafting the Committee by-laws, ensuring that the Committee was governed pursuant to applicable requirements, and addressing inquiries of Committee members.

**G.   Asset Sales**                                    **$110.00**

28.   F&P spent 0.4 hours at a cost of $110.00 on asset sale issues. This category primarily includes time spent reviewing the Debtor's motion to enter into a consignment agreement with an auctioneer to sell artwork and furnishings located at the Debtor's facilities.

**H.   Litigation**                                     **$387.00**

29.   F&P spent 3.2 hours at a cost of $387.00 on litigation issues. This category primarily includes time spent reviewing and analyzing litigation concerning the rights of the Debtor's Class B members.

### RESULTS ACHIEVED

30.   F&P was retained by the Committee, and has generally performed services, in furtherance of several basic purposes: (a) assisting the Debtor in connection with its reorganization efforts; (b) participating in hearings conducted in the Debtor's chapter 11 case; and (c) evaluating potential recoveries for unsecured creditors of the Debtor.

31.   While F&P's involvement in this case was fairly limited, the services rendered by F&P performed a substantial benefit for unsecured creditors in these cases. In part, as a result of these efforts and the efforts of successor counsel to the Committee, unsecured creditors will be entitled to receive a distribution equal to one hundred percent (100%) of their allowed claims,

plus interest. In light of these efforts, and the results achieved, the compensation requested by F&P is eminently reasonable, and should be allowed in full.

32.     Accordingly, F&P is entitled to compensation in the aggregate amount of $24,719.00, as evidenced by the exhibits to this Final Fee Application.

### NOTICE

33.     Pursuant to paragraph 10 of the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* entered in this case (the "*Interim Compensation Order*"), notice of this Final Fee Application shall be given to: (a) the Debtor; (b) counsel to the Debtor (Jenner & Block LLP); (c) successor counsel to the Committee (Bell, Boyd & Lloyd LLP); (d) the Office of the United States Trustee; and (e) all parties that have filed a notice of appearance in this case. F&P submits that pursuant to the Interim Compensation Order, this limited notice of the Final Fee Application is sufficient.

WHEREFORE, F&P respectfully requests that the Court enter an order:

(a) allowing F&P $22,694.00 in final compensation for the Final Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of title 11 of the United States Code;

(b) allowing F&P $2,025.00 in final compensation for time spent preparing this Final Fee Application as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of title 11 of the United States Code;

(c) authorizing the Debtor to pay F&P the amount of $24,719.00, representing allowed, unpaid amounts due F&P pursuant to this Final Fee Application; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: January 17, 2008           **FREEBORN & PETERS LLP**

By:        /s/ Thomas R. Fawkes

Thomas R. Fawkes (No. 6277451)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.360.6000
Facsimile: 312.360.6520